May it please the Court, Amber Whitfler, Deputy Attorney General and Counsel for Warden A.P. Kane. The question before the Court is not whether Mr. McCullough is suitable for parole. The question is whether the State court decisions upholding the Governor's decision are contrary to or involved in unreasonable application of clearly established Federal law. Now, in this sense, the district court erred for two reasons. First, the district court based its decision on law not clearly established by the United States Supreme Court. And second, even if the sum evidence standard does apply in the parole context, the district court did not properly apply it. But this Court has held over and over again that the sum evidence rule applies in the parole context, and there was just a cert petition, I mean, a petition for a hearing on bank, on the issue, and a dissent from denial, and so on. So it seems to me that's, as far as we're concerned, settled law and not worth coming over again. Certainly. Then to focus on the sum evidence standard, in Hill, the Supreme Court held that when it comes to the sum evidence standard, it doesn't matter that the reviewing court could look at the same set of circumstances and come to an entirely different conclusion. The question is whether there's even a modicum, whether there's even a shred of evidence to support, in this case, the Governor's decision to reverse parole. Now, here the district court conceded that such evidence existed. The district court agreed that Mr. McCullough had a history of violent crime that demonstrated an escalating pattern of criminality, that the crime itself was particularly egregious and committed for a trivial motive. However, the district court then reweighed that evidence. It found that compared to the amount of time Mr. McCullough had spent in prison and his good behavior, that that was more determinative of parole suitability than those factors cited by the Governor. And under the extremely deferential sum evidence standard, the district court does not have the authority to do so. Can I ask a question about California law? My understanding is the California Supreme Court has now granted a hearing on a couple of these cases. And I'm wondering whether those cases are the questions raised there are State law questions primarily? Only State law questions, yes, Your Honor. But it's still important to know sum evidence of what, right? Because in order for us to evaluate the sum evidence standard, we have to know what the standard is that we're applying it to. Well, in Hill, the sum evidence standard was described as sum evidence to support the basis for the fact finder's decision, which in this case would be sum evidence to support the Governor's decision that he had an escalating pattern of criminality and committed a particularly aggressive crime. Well, is that right, or is the ultimate factual question whether there he presents a present risk of dangerousness? Well, that is what is being argued in the California Supreme Court. Right. And if the California Supreme Court was to conclude that the real question is whether he presents a current risk of dangerousness, then that would be what there has to be sum evidence of. Well, no, because we're dealing with the sum evidence as is clearly established by the Supreme Court. Well, counsel, let's step back just a little bit. If the California Supreme Court agrees with these court of appeal cases, then we have a situation where probably there is a liberty interest, and that's clearly established in Federal law. That there's a what? I didn't hear you. That there's a liberty interest in something which is a firm rule of California in respect to when an individual is entitled to parole. And that's what we have said in SAS and other cases, that there is a liberty interest. And that's clearly established in Supreme Court law. So the question now is possibly if the Supreme Court of California agrees with the court of appeals, that there has to be more than a past crime, then there probably is a liberty interest in parole. Well, I can't speak for what the California Supreme Court may or may not find. But we're thinking, counsel, that we probably need to wait for these decisions from the California Supreme Court. Oh, no, Your Honor, because the point here is whether or not the – is whether or not clearly established Federal law, whether or not the State courts misapplied clearly established Federal law. Now, there's no clearly established Federal law holding that after a certain amount of time, a State parole executive can no longer rely on a static factor. Were that the case, then certainly – But if the State law were that – that as a matter of State law, you can't simply apply – rely on the crime without finding that it has – connecting it to a present risk of danger. If that were the State law, then that would be what there would have to be some evidence of. Well, the State – the State courts apply State law, and here we're only looking at under – under AEDBA and as qualified. I understand that, but I'm – well, I guess I'm just repeating myself. But I don't understand how we can know how to apply the some evidence rule if we don't know what there has to be some evidence of. Counsel, are you familiar with the case of Irons v. Carey? Carey, Your Honor. Could you – how do you think that affects our analysis in this case? Well, Irons applies in two ways. The first – and I'll say in passing because I know the court disagrees with the State's position in this respect – is that the Irons court stated that it was – stated that in – that Hill clearly established that some evidence must support a parole decision. That was not ever stated in Hill. But also, the Irons court indicated that after a certain amount of time, a – after a certain amount of time, there may be a due process violation if the government – if the State government continues to rely on a static factor. Now, again, this is – this is a holding that has no basis in clearly established federal law. Circuit court dicta for the purposes of AEDBA is nondisputive. This court has held that, and the Supreme Court reaffirmed that in Wislodin, that the tests that need to be applied are those that the Supreme Court has specifically provided for that purpose. But Irons also said that standing alone, the past offense, if particularly heinous, could be some evidence. And in this case, that is what the governor found, exactly that. That this case was so egregious that Mr. McCullough had – had a history of violent behavior that culminated in the most violent act that a person can commit. And for that reason, judging from his past history, that was evidence enough under California State law as the district court conceded was enough to deny him parole at this time. If you want to reserve time, you should do so now. Thank you very much. Thank you. You want to address the relevance or nonrelevance of the California Supreme Court cases? Sure. I'm Dixie Noonan, and I'm here to represent Fred McCullough. And I think that the point here – I don't think you've identified yourself for the record yet, have you? I'm Dixie Noonan, and I am here to represent Fred McCullough. And with respect to the California law issue, I think the point is that the question that the California Supreme Court is looking at may be relevant, but this is the question for both purposes of federal law and state law. The proper inquiry here is whether Mr. McCullough poses a current risk of danger to society. No, he's not. And the reason – The inquiry is whether or not there's clearly established federal law that protects or precludes the governor from using the past crime to deny parole. That's the question that we have before us. The question actually is not whether it's clearly established federal law that Mr. McCullough's commitment offense cannot constitute in and of itself the requisite sum evidence necessary to deny parole. The question is whether the state court incorrectly applied clearly established Supreme Court law, and that's a little bit different than arguing that it's not clearly established Supreme Court law that the state can't – that the state has to – But the state court holdings are not clearly established law for purposes of IPA. Right. That's correct. But the state court's view of what is the pertinent factual question would underlie our application of a sum evidence rule. I still think this is a – this case presents a federal question. It's a habeas review. Right. But, okay, as to the federal – if you're looking at the – are you basically arguing the Biggs-Irons-Dicta issue, essentially, whether or not after some period of time the past crime is simply inadequate? Is that your basic argument? Well, it's – it is our argument, but it is not relying on the dicta from Biggs-Sass-and-Irons. It's relying on the fact that Mr. McCullough's commitment offense no longer shows that he poses a current risk to society. But what in federal law incorporates the current risk argument that you're making? What federal law incorporates that? It's the sum evidence standard as set forth in Superintendent Vigil. There must be some evidence to support the governor's decision. And as – But now you have walked directly into the California Supreme Court cases, because you're saying – just a minute – you're saying no. But you're saying that the question is whether there is some evidence that he poses a present unreasonable risk. Right. And apparently what the California Supreme Court is going to decide is whether that's the standard that applies or whether the standard that applies are the subcategories that are in the regulations, such that if you had – it's sufficient to show, for example, that you have a particularly heinous original crime without making the link to present dangerousness. So if that were the California standard, then where would you get as a federal standard something else? I think that this court doesn't – I don't know if I made myself clear. I think this court doesn't have to wait for the California court. If this court later decides that what the California courts decide is relevant and has persuasive – and is persuaded by what the California court decides on this issue – From whence – you're suggesting that we need – that the way one bridges the gap that Judge Rawlinson has been suggesting is by saying that the state standard is present risk of future dangerousness and that's what we need to look at. Is that true? That's right. The California parole regulations dictate – So you're not exactly arguing the due process issue that was in Biggs and Irons, that was suggested in Biggs and Irons, because you're not saying that it would be a due process violation to have a standard that permitted reliance on the original crime many years later, even if he was rehabilitated. You're not saying that. No. But you're saying that isn't the standard. I think that I'm saying that the standard is that the California parole regulations dictate that to deny parole, a prisoner has to pose an unreasonable risk of danger to society. And I think that our point is that where there is positive evidence of rehabilitation, where there has been a significant passage of time, that the commitment offense alone in this case no longer shows. It simply no longer shows that Mr. McCullough poses a current danger to society. Counsel, how can you reconcile your argument with the language in Irons that says given that Irons' commitment offense standard alone is a sufficient basis for deeming a petitioner unsuitable, where, as here, there is some evidence to support a finding that the offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering and the motive for the crime is inexplicable or very trivial in relation to the offense, we cannot say that the state court unreasonably applied heals some evidence principle. How does your argument square with that language in Irons? Well, this case is a little bit different from the case that this court considered in Irons. And a principal difference is that in Irons and in Sass and in Biggs, the prisoner had not yet served even the minimum number of years on his sentence. I'm sorry. You're getting back to the argument you disavowed. I don't believe I disavowed that argument. If I did, I certainly did not. But I'd like you to explain it. I know it's in Irons. I know it's in Irons, but I don't understand it. I don't understand what difference it makes for this purpose, especially with regard to the way you've now organized the issue, which is whether he has a present risk of future dangerousness, whether he has passed whether the decision of whether he's suitable for parole is being made before he's served his minimum sentence or afterwards. What difference does that make? I think that the passage of time every year, the predictive value of the commitment offense starts to, it loses its predictive value over time. I'm sorry. What clearly established Federal law says that? This is an application argument. We're not arguing that this is clearly established Federal law. We're arguing that it's an unreasonable application of the clearly established some evidence standard because there is nothing and this is a point that I also want to make. I'd like to also raise the recent opinion in Dannenberg that the California Court of Appeals just decided because that case I think shows exactly why the passage of time plus significant positive evidence of rehabilitation no longer, it reduces the predictive value of the commitment offense below the point where it shows that the prisoner is a current risk to society. And the court there said, the record does not contain even a modicum of evidence that due to the especially heinous nature of his commitment offense Dannenberg currently poses an unreasonable risk of danger to society if released. And the other point that I'd like to make is that the governor's... We're not applying state law. We're applying clearly established Federal law. That's, well, as I said, our argument is that this is an application question and it's not that it is clearly established Federal law. It still has to be an application of clearly established Federal law. That's right. So what is the clearly established Federal law that you're saying was misapplied? The some evidence standard. That no evidence supports the governor's decision and if you look at the governor's decision itself, it makes no connection. The governor references and the governor says that he relied on Mr. McCullough's commitment offense, quote unquote, alone in determining that Mr. McCullough poses a current risk to society. But the government... Irons says that's okay. Well, the Irons case is a little bit different from this one, as I said, but also the governor's decision does not explain. It references Mr. McCullough's commitment offense, but it doesn't explain why Mr. McCullough's commitment offense indicates that he poses a current danger to society. The district court said that the governor's finding that the commitment offense was especially heinous was supported by the undisputed record. Again, I would argue that the governor's decision does not explain the connection. It provides no nexus between Mr. McCullough's commitment offense 20 something years ago and why he currently poses a risk to society today. I'd like to conclude by just reiterating that nothing in the record shows that Mr. McCullough's commitment offense committed 20 something years ago indicates that he poses a current threat to society today. In fact, the opposite is true. Mr. McCullough has accepted responsibility for his crime. He has expressed remorse for his crime. Mr. McCullough used his time in prison, has used it to better himself. He's used it to prepare himself to rejoin society as a productive member. And to that end, he obtained a college degree and he has received significant drug therapy treatment. Mr. McCullough also has... How old was he when he committed the crime? He was 20. And he has now been in prison for 25 years. At the time of the governor's decision, he had served for 22 years into a 15 to life sentence. Mr. McCullough also has a supportive family and he has a wife who traveled here from Texas to be with us today. Mr. McCullough's case presents the model of a prisoner whose commitment offense simply no longer shows that he is a current risk to society. And for that reason, the state violated his due process in denying him parole. Thank you. Thank you very much. Opposing counsel's closing statement essentially brings home the point that we can't re-weigh  The evidence before the district court was there. It was in the record. And Mr. McCullough's case presents that Mr. McCullough's good aspects, the aspects that indicate that he would not pose a risk to society simply aren't relevant in a some-evidence determination. In the some-evidence standard, only a modicum of evidence is required to support the basis of the governor's decision. As far as what the California Supreme Court will determine whether some evidence of what is irrelevant to the standard that was given in Hill, which is Here, the governor concluded that Mr. McCullough had a significant criminal record, that he committed a particularly egregious commitment offense. That alone is, under California state law and under Ninth Circuit law as well, sufficient to uphold a gubernatorial parole reversal. What's more, the Supreme Court has   after a certain period of time. The Supreme Court has never held that the executive can no longer to reverse a parole grant. Counsel, there is one troubling aspect of this case. When it went before the Superior Court, they apparently were looking at the wrong parole report. It's, you know, the Superior Court's decision is a little funny. It's difficult to tell. At first it appears that they're referring to the 2004 decision, but then in a subsequent paragraph it appears to be making some reference to the 2002 decision. Now, if it was referring to the 2002 decision, then Mr. McCullough has not exhausted his responsibility. No, then they made a mistake. And they made a factual mistake. And I think the reason this is important is because it impacts on the AEDPA standard very much, it seems to me. If they, and it appears that they were, simply were factually wrong, they were looking at the wrong document, then it seems to me that for AEDPA purposes it isn't worth much. It's probably worth nothing, and we may be back to a de novo standard, because they may have made an unreasonable finding of fact. Well, even if that were the case and the district court was correct in performing an independent review of a record, it still doesn't. But then there are two things. There's independent review of the record in the Delgado sense, but then there's simply a de novo review that just says they made a mistake. Under 2254-D2, they're simply out because we're not under 2254-D2 because the state court merits decision was based on a clear unreasonable factual premise, i.e., that this is the document that's being reviewed when it wasn't the document that's being reviewed. And if that's the case, then we're just out of 2254-D2 and we're on the merits. Well, I know I'm out of time, if it's okay that I answer. Yes. I think that's when – in California, habeas petitions are original petitions at each level. So that means that the appellate court and the Supreme Court reviewed this independently without necessarily looking at – without looking at the original petition. But they didn't try to correct that. They just affirmed. Isn't that right? Yes. They affirmed on the original petition because, I mean, I can't obviously – they referred to – they referred in the appellate court the original decision. There was a cite to Rosencrantz. And there was a cite to Rosencrantz, which one can assume means some evidence supported the governor's decision by citing to that. And – but even – again, even on de novo review, we're applying the some evidence standard from Hill. Is there any evidence to support the decision of the original decision-maker, Governor Schwarzenegger, and in this case, the severity of the commitment offense and Mr. McCullough's previous criminal record indicate that there was? Okay. Thank you very much, counsel. The case of McCullough v. Kane is submitted. The Court will take a short recess. All rise. This Court stands to recess for Dignity.
judges: Fletcher, Berzon, Rawlinson